Reese J.
delivered the opinion of the court.
The principal error in tbe proceedings of the circuit court alleged on the part of tbe defendant below, tbe plaintiff here, is, that the court permitted the power of attorney from Robert E, C. Doherty to Samuel McCorlde, to be read to the jury upon the following certificate of the probate court:
“State of Tennessee, Henry county court, March term, 1824, — The within power of attorney from Robert E. C. Dolierty to Samuel McCorlde, was acknowledged in open court by the subscriber thereto, and ordered to be certified for registration. JAS. ilEETS, Clk.”
This probate is defective.
1st. Although tbe parties are named, yet there is no description, general or specific, of the subject matter upon which the power was to operate. See 9 Yer. Rep. 41, Yerger vs. Young.
2d. Tbe terms, “subscriber thereto,’ have not any legal or technical meaning, and in common parlance would apply as well to the attesting witnesses, as to the maker of the instrument.
For these causes the certificate of probate was clearly defective, and the power of attorney sliquid not have been read to the jury. The judgment must therefore be reversed, and the cause be remanded to. tbe circuit court and a new trial be bad. *238 As, however, the bill of exception raises a question upon the -titles of the defendant below, it is not improper, with a view to the future action of the circuit court, that we should likewise consider that question. It is, whether there must be personal service of the scire facias issued against minor heirs or devi-sees, with a view to subject the real estate descended or devised to them, to the satisfaction of the debt of their ancestor, or testator, as well upon the heirs themselves, as upon their guardians, regular or ad litem? This question we answer in the affirmative. The second section of the act of 1784, c 11, requires, in general terms, and without reference to full age or non-age, that heirs or devisees shall be served with process. The third section provides, that when a minor shall have a guardian, the scire facias shall be served on such guardian. But what does this import? that the service required by the preceding section, shall not be made upon the heir himself, also? this should not be inferred or intended, unless the inference were necessary and unavoidable. We think the service upon the guardian is cumulative-, he must have notice of the scire facias, and so must the minor heir or devisee likewise.
In many instances, the heir, though a minor, may be as competent as his guardian, and much more disposed to look into his rights and guard his real estate.
To this conclusion, the construction of the act of 1784, c 11, would, upon principle, bring us; but the question has in the same manner, been settled by authority. (See the case of Young vs. Combs, 4 Yer. Rep. 218.) We think, therefore, the court did not err in rejecting, and refusing to permit to be read as evidence, the judgment upon the scire facias against the heirs.
Judgment reversed